Gregory Owen THORNTON,
Plaintiff–Appellant,

v.

David B. HILL, in their public and private capacities and including their marital communities; et al., Defendants–Appellees.

No. 03–35395.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Nov. 10, 2004.

George A. Kolin, Esq., Washougal, WA, for Plaintiff–Appellant.

G. Scott Beyer, Esq., Kirk A. Ehlis, Esq., Menke Jackson Beyer Elofson Ehlis & Harper, Yakima, WA, John W. Beuhler, Jr., Esq., Cassel Beuhler & Murdock, Wenatchee, WA, for Defendants–Appellees.

Before: D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

### MEMORANDUM *

Plaintiff-appellant, Gregory Owen Thornton, a retired former Chief of Police for the City of Goldendale, filed a 42 U.S.C. § 1983 action against the City of Goldendale (the "City"), the Goldendale Police Department, five City police officers, former City mayor Mark Sigfrinius, and City Councilperson and Deputy County Prosecutor Gwendolyn Grundei alleging a variety of civil rights violations. The district court denied plaintiff's motion for leave to file additional affidavits, granted the defendants' motion for summary judgment in full and, consequently, denied the defendants' motion to strike. Appellant appeals the district court's grant of summary judgment. Because the parties are familiar with the facts and arguments of this case, they will only be discussed as necessary to explain the decision.

 All of Thornton's claims arose from events that occurred over three years before he filed his suit, three years being the undisputed statute of limitations in Washington for 42 U.S.C. § 1983 claims. The district court correctly held that all of those claims are barred by the statute of limitations except for the claim of malicious prosecution in retaliation for the exercise of his First Amendment rights. The district court properly held that *Heck v. Humphrey* creates an exception to the statute of limitations for Thornton's malicious prosecution claim because that claim "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). However, while the incidents other than the prosecution are not actionable in their own right, they may be used as supporting evidence to show the individual defendants' motives and any policy, custom, or usage, including failure to train, by the City of Goldendale. *See RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1050 (9th Cir.2002).

 As to whether summary judgment should be granted with regard to Thornton's claim of First Amendment retaliation, in the form of malicious prosecution, there is no dispute that Thornton was acquitted by a jury on the two counts of Second Degree Assault that were leveled against him and therefore the prosecution was "terminated in such a manner to indicate

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

his innocence." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir.2004) The only two elements of malicious prosecution the parties dispute is whether there was probable cause for Thornton's prosecution and whether the prosecution was undertaken in retaliation for exercise of his First Amendment rights. *See id.* at 1066. In evaluating these disputed elements, "we accept the nonmoving party's statement of facts and the inferences to be drawn from them." *Sanford v. City of Compton*, 258 F.3d 1117, 1118 (9th Cir.2001). We must not engage in weighing evidence or determining the truth of the matter but must determine only whether there is a genuine issue for trial. *See Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir.1999) (en banc).

The district court erred by granting summary judgment on the malicious prosecution claim with respect to individual defendants Kenneth Berry, Patrick Kaley, David Hill, and the municipal defendants, because a genuine issue of material fact existed with respect to the disputed elements. Thornton produced evidence, in the form of his own affidavit, that there was no probable cause for his arrest for second degree assault because he never pointed a weapon at anyone and because Officers Kaley and Berry aggressively initiated the standoff. Thornton further offered evidence through his own affidavit and those of then-Sheriff Karen Von Borstel and former Goldendale police officer Samantha Carmona that there was a long-standing vendetta by the Goldendale Police Department, including Chief Hill, against Thornton. Moreover, these affidavits, taken as true, show that Thornton's vocal and relentless whistle-blowing, most significantly the uncovering and distributing of a scathing internal affairs report on Hill, was the cause of the Goldendale Police Department's campaign against him. Finally, the affidavits provided evidence that Hill instigated and continued the campaign of retaliation against Thornton. It is a reasonable inference from these alleged facts that the standoff was also part of this campaign and that therefore the subsequent police reports by the officers were false.

Furthermore, Thornton has offered evidence that gives rise to a genuine issue of material fact as to whether the municipal defendants had a policy or custom of retaliating against Thornton for the exercise of his civil rights. Specifically, Thornton produced evidence that he "was subjected to a series of acts that a reasonable factfinder could infer were inflicted by the members of the Department with the knowledge and tacit connivance of those running the Department." *Blair v. Pomona*, 223 F.3d 1074, 1079 (9th Cir.2000). Thornton's evidence demonstrates a long history of animosity between himself and members of the Goldendale Police Department, including serious, ongoing harassment and numerous threats of physical injury, civil commitment, and death. Furthermore, Thornton's evidence, taken as true, shows that there were explicit directives from Hill to lower ranking officers to retaliate against Thornton. Therefore, Thornton has produced enough evidence to survive summary judgment on his claim that his alleged malicious prosecution resulted from the policy or custom of the municipal defendants. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

With regard to Mark Sigfrinius, Larry Mathena, Greg Stone, and Gwendolyn Grundei, Thorton did not present sufficient evidence to create a genuine issue of material fact that they participated in the alleged malicious prosecution. Summary judgment in their favor is affirmed.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this judgment.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.