**William Robert FIELDER, Plaintiff,**

v.

**Nancy MURPHY, Defendant.**

**No. CV 01–00608–MEA–LEK.**

United States District Court,
D. Hawai'i.

March 14, 2005.

Rory S. Toomey, Jack F. Schweigert, Honolulu, HI, for Plaintiff.

Cindy S. Inouye, Caron M. Inagaki, Office of the Attorney General, Honolulu, HI, for Defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge.

Presently before us is Defendant Nancy Murphy's renewed motion for judgment as a matter of law. For the reasons stated below, we deny Murphy's motion.

### BACKGROUND

At the times relevant to this suit, Plaintiff William Robert Fielder had at least one boat moored at Keehi Small Boat Harbor, where Defendant Murphy was the Harbor Master, Following an altercation between Murphy and Fielder at Keehi Harbor on June 1, 2000, Murphy sought and obtained a TRO against Fielder, which remained in effect for eleven days. Fielder filed suit against Murphy, alleging that by seeking and obtaining a TRO Murphy violated his First Amendment rights. Fielder claimed that Murphy obtained the TRO in retaliation for his criticism of Murphy's performance as Harbor Master, in retaliation for a separate lawsuit that Fielder had filed against Murphy and other state officials, and to prevent him from criticizing her job performance in the future. Murphy responded that she obtained the TRO against Fielder because she feared for her personal safety after the June 1, 2000 altercation.

At a trial on the merits, Murphy moved for judgment as a matter of law following the close of Fielder's case in chief and again following the close of all evidence. We took the motions under advisement, but submitted the case to the jury. The jury found in favor of Fielder and awarded him $7,200. Thereafter, Murphy timely renewed her motion for judgment as a matter of law.

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 50, judgment as a matter of law ("JMOL") may be granted if "during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a)(1). When ruling on a renewed motion for JMOL, brought after a previous motion for JMOL was taken under advisement, the court reviews all of the evidence in the record and draws all reasonable inferences in favor of the nonmoving party. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).[1] In doing so, we may not make credibility determinations or weigh the evidence. *See id.; Locricchio v. Legal Servs. Corp.*, 833 F.2d 1352, 1356 (9th Cir.1987). In other words, the court may not substitute its

---

**1.** Although *Reeves* did not involve a renewed motion for JMOL brought after a previous motion was taken under advisement, subsequent cases have made clear that its holding applies to such a situation. *See, e.g., Winarto v. Toshiba Am. Electronics Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir.2001) (applying *Reeves* to a renewed motion for judgment as a matter of law brought after a 50(a) motion was taken under advisement); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 221–22 (5th Cir.2000) (same); *White v. New Hampshire Dep't of Corr.*, 221 F.3d 254, 259 (1st Cir.2000) (same).

view of the evidence for that of the jury. *Winarto v. Toshiba Am. Electronics Components, Inc.,* 274 F.3d 1276, 1283 (9th Cir.2001). Therefore, "if there is such relevant evidence as reasonable minds might accept as adequate to support [the jury's] conclusion," then the court must deny the motion. *Grant v. City of Long Beach,* 315 F.3d 1081, 1085 (9th Cir.2000).

## ANALYSIS

Defendant Murphy argues that she is entitled to judgment as a matter of law because: (1) Fielder did not meet his burden of proving by a preponderance of the evidence that Murphy's purpose in seeking the TRO was to infringe upon Fielder's First Amendment rights; and (2) Fielder did not present any evidence that his First Amendment rights were affected in any way.

## I. Intent to Interfere with First Amendment Right

■ Murphy first argues that Fielder did not prove that Murphy's purpose in seeking the TRO was to infringe Fielder's First Amendment rights. To establish that First Amendment rights were violated, a plaintiff must prove that chilling his protected speech was a substantial or motivating factor in the defendant's action. *Awabdy v. City of Adelanto,* 368 F.3d 1062, 1071 (9th Cir.2004). Thus, a defendant's subjective intent to suppress speech is an essential element of the constitutional violation. Intent to inhibit speech can be demonstrated through direct or circumstantial evidence. *See Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir.1999). In this case, Fielder contended that Murphy's intent in seeking the TRO was in retaliation for his other lawsuit against her and other state officials

and to suppress his criticism of her job performance. Murphy contended, on the other hand, that she sought the TRO because she feared for her safety. This issue became the key factual dispute at trial.

At trial, Fielder testified that he had accused Murphy of selective enforcement and favoritism in enforcing the harbor rules in the past, and that on June 1, 2000, he confronted her based upon this same criticism of selective enforcement and favoritism. (T.R. 11/15/04 120:13–20.)[2] Additionally, Fielder testified that the TRO restricted him from entering Keehi Harbor, the only place that complaining about Murphy's performance as Harbor Master "would do any good." (T.R. 11/15/04 143:10–14.) Fielder also testified that, contrary to Murphy's contention, at the June 1, 2000 encounter, he was not threatening her, nor in her face, nor raising his hands to her, and provided other supporting witness testimony of this. (T.R. 11/15/04 121:5–16; 87:23–88:6.) Finally, Murphy's attorney elicited testimony from both Murphy and Fielder, which showed that a favorable ruling for Murphy in his other lawsuit against Fielder and other state officials was issued on the same day that Murphy sought the TRO, July 17, 2000. (T.R. 11/15/04 126:15–127:2; 133:20–24; T.R. 11/16/04 124:23–125:10.) This evidence established that Murphy sought the TRO forty-six days after the event that precipitated it and on the same day of the court's adverse ruling, evidence that the jury could properly consider in evaluating whether Murphy's true motive in seeking the TRO was out of fear for her personal safety or out of retaliation and intent to suppress Fielder's criticisms.

■ Although Murphy provided evidence contradicting Fielder on several of

---

**2.** All cites to the trial record will be indicated as "T.R.," followed by date, page, and line number.

1058

these factual issues, in determining whether JMOL is proper, we do not decide whether the weight of the evidence favored Fielder or Murphy, nor do we judge the credibility of each side's witnesses. *See Locricchio,* 833 F.2d at 1356. Rather, we decide only whether there was a legally sufficient evidentiary basis for the jury's decision. *Id.* In this case, Fielder presented enough circumstantial evidence, as described above, to support the jury's decision that Murphy intended to chill Fielder's First Amendment expression.

## II. Actual Interference with First Amendment Right

█ Murphy also argues that Fielder did not present evidence that his First Amendment rights were actually affected. As previously discussed, a public official is liable for a First Amendment violation if she intended to interfere with the plaintiff's First Amendment rights. *See Mendocino Envtl. Ctr.,* 192 F.3d at 1300. A plaintiff asserting a First Amendment violation need not demonstrate that his speech was actually inhibited or suppressed, "[b]ecause it would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity." *Id.* Thus, even assuming that Fielder did fail to present evidence that his speech was actually inhibited, this would not provide a basis for granting judgment as a matter of law.

## CONCLUSION

For the reasons stated above, we deny Murphy's renewed motion for judgment as a matter of law. It is so ordered.