Rudy **ROBERSON, Plaintiff–Appellant,**

v.

**CITY OF LOS ANGELES; Douglas Beard, Los Angeles Police Officer, Defendants–Appellees.**

No. 04–56922.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2006.

Filed Jan. 30, 2007.

Frank Perez, Esq., Moreno & Perez, Los Angeles, CA, for Plaintiff–Appellant.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Amy Jo Field, Esq., Los Angeles City Attorney's Office City Hall East, Los Angeles, CA, Joseph M. Quinn, Kimberly E. Colwell, Esq., Meyers, Nave, Riback, Silver & Wilson, Oakland, CA, for Defendants–Appellees.

Before: REINHARDT, BRUNETTI and KOZINSKI, Circuit Judges.

### MEMORANDUM*

Even viewing the record in the light most favorable to plaintiff, the officers had probable cause to arrest him because he was observed accepting the proceeds of a drug transaction. Thus, plaintiff suffered no Fourth Amendment violation. *See Cabrera v. City of Huntington Park,* 159 F.3d 374, 380 (9th Cir.1998) (per curiam) ("To prevail on his § 1983 claim for false arrest ... [plaintiff] would have to demonstrate that there was no probable cause to arrest him."). That Officer Beard may have deliberately reported false information as to the exact sequence of events is of no consequence. *See Whren v. United States,* 517 U.S. 806, 811–13, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis.").

We grant plaintiff's motion to take judicial notice of the state court docket sheet in support of his 42 U.S.C. § 1983 claim for malicious prosecution. *See* Fed. R.Evid. 201. But to *maintain* such a claim, "a plaintiff 'must show that the defendants prosecuted [him] with malice and *without probable cause.*'" *Awabdy v. City of Ade-*

---

* This disposition is not appropriate for publication and is not precedent except as provided

*lanto,* 368 F.3d 1062, 1066 (9th Cir.2004) (emphasis added) (alteration in original) (*quoting Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 (9th Cir.1995)); *see also Heck v. Humphrey,* 512 U.S. 477, 484 n. 4, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (noting that lack of probable cause is an "essential" element of a malicious prosecution claim). The uncontested evidence was sufficient to establish probable cause that plaintiff was party to a drug transaction. Plaintiff thus failed to meet his pleading burden.

### AFFIRMED.