Elizabeth M. ACOSTA, Plaintiff—Appellant,

v.

Gary HILL; Joseph Krouss; Eric Stafford; Raphael Cimmarusti; Elite Show Services; Vladimir Atabekian; Donald Williams; City of San Diego, Defendants—Appellees.

No. 05–56575.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 2007.

Filed July 27, 2007.

Meir J. Westreich, Esq., Pasadena, CA, for Plaintiff–Appellant.

Carra Lassman, Robert J. Walters, Esq., San Diego City Attorney's Office, San Diego, CA, Matthew Rutherford, Esq., Lemon Grove, CA, for Defendants–Appellees.

Before: KOZINSKI and TALLMAN, Circuit Judges, and SANDOVAL,* District Judge.

**MEMORANDUM\*\***

1. Since the officers had probable cause to believe that Acosta violated San Diego Municipal Code § 59.0103(g) (2000), in their presence, they didn't violate her Fourth Amendment rights. *See Atwater v. City of Lago Vista,* 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).

2. Acosta didn't produce sufficient evidence of unlawful intent to survive summary judgement on her retaliation claims, *see Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), or her malicious prosecution claims, *see Awabdy v. City of Adelanto,* 368 F.3d 1062, 1066 (9th Cir.2004).

3. The district court's clarification of cross-examination questions and refusal to give a "group attack" jury instruction weren't an abuse of discretion.

4. The city's alleged failure to train officers adequately and require fitness standards didn't amount to deliberate indifference. *See City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

5. All of Acosta's claims against Elite Show Services, Inc. and the security guards similarly lack merit.

■ 6. We reverse the district court's grant of summary judgment as to Acosta's *Monell* claim that the city's carotid hold policy caused the officers to use deadly force against her. The district court relied upon the deadly force standard announced in *Vera Cruz v. City of Escondido,* 139 F.3d 659, 660 (9th Cir.1998) (as amended). However, the governing standard for whether an officer used deadly force is *Smith v. City of Hemet,* 394 F.3d 689, 706 (9th Cir.2005) (en banc), and this standard applies retroactively to this case. *See Harper v. Va. Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993). Moreover, the city isn't entitled to qualified immunity, so it can be held liable

* The Honorable Brian E. Sandoval, United States District Judge for the District of Nevada, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under the *Smith* standard. *See Owen v. City of Independence,* 445 U.S. 622, 650, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980).

■ The jury verdict on the excessive force inquiry doesn't collaterally estop the *Monell* claim against the city because an excessive force inquiry is not "identical" to a deadly force inquiry. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,* 442 F.3d 741, 746 (9th Cir.2006) (internal quotation omitted); *see Monroe v. City of Phoenix,* 248 F.3d 851, 859–60 (9th Cir.2001).

On remand, the district court shall consider (1) whether the use of the carotid restraint against Acosta was an unconstitutional use of deadly force under *Smith,* and (2) whether the city's policy caused that use of force. *See Monell v. Dep't of Soc. Servs. of N.Y.,* 436 U.S. 658, 692, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

■ 7. The district court's refusal to allow Acosta to present evidence of deadly force at the officers' trial was harmless. The standard for deadly force at the time of the arrest was governed by *Vera Cruz.* Under qualified immunity, the officers didn't have "fair warning" that their actions may have been unconstitutional. *Beier v. City of Lewiston,* 354 F.3d 1058, 1068 (9th Cir.2004). Accordingly, there is no merit to Acosta's claim that she was entitled to damages against the officers.

**AFFIRMED in part, REVERSED in part and REMANDED.**