MEMORANDUM *
Three Los Angeles sheriffs, Robert Martinez (“Martinez”), Pablo Partida (“Partida”) (jointly, the “deputies”), and James Duran (“Duran”), appeal the district court’s denial of their summary judgment motion. The sheriffs argue that, contrary to the finding below, they are entitled to qualified immunity on plaintiff Deon Dirks’ (“Dirks») 42 u.S.C. § 1983 claims of false arrest, malicious prosecution, and conspiracy.
The deputies argue that they are entitled to qualified immunity on Dirks’ false arrest claim because they had probable cause to arrest Dirks for (1) committing a moving violation, or (2) for obstructing a peace officer, pursuant to California Penal Code § 148.
With regard to the moving violation argument, in the district court, the defendants did not allege that they had probable cause to arrest Dirks for committing a traffic violation. Therefore, the factual record on this point is not sufficiently developed for us to entertain the argument now. See Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985).
Turning to § 148, the district court correctly noted that there exists at this time only a “murky record” with regard to whether the deputies could have reasonably believed they had probable cause to arrest Dirks for obstructing them. The outcome of that claim will depend upon a jury unraveling currently “unresolved credibility determinations.” Accordingly, we affirm the district court’s ruling that the deputies are not entitled to qualified immunity on Dirks’ false arrest claim.
Dirks makes malicious prosecution claims against the deputies and against *963 Duran, based on different factual allegations. As to the claim against the deputies, the district court noted that there remain material, factual disputes underlying Dirks’ malicious prosecution claim against Martinez and Partida. A jury will have to determine whether they wrongfully caused charges to be filed against Dirks, knowing that there was no probable cause, by making false allegations against him and creating false police reports. See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir.2004). Further, the district court was correct in finding that the deputies failed to show that the termination of the criminal case against Dirks was anything other than a favorable dismissal on the merits. We affirm the district court’s denial of summary judgment for the deputies on the malicious prosecution claim.
Dirks’ only ground for claiming malicious prosecution against Duran, however, is that Duran withheld information regarding a flower vendor who denied witnessing the incident. Failure to provide information about the flower vendor is insufficient to support a malicious prosecution claim, as the vendor had nothing exculpatory to say. Accordingly, we reverse the district court’s ruling on the malicious prosecution claim against Duran.
With regard to his conspiracy claim, Dirks points to several acts by the deputies from which a jury could infer, based on circumstantial evidence, that they had agreed to violate his constitutional rights. See Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir.1999). We affirm the district court’s ruling that the deputies are not entitled to qualified immunity on Dirks’ conspiracy claim.
AFFIRMED in part, and REVERSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.