FILED

DEC 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELFORD WILSON, an individual, | No. 10-56004 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00219-JLS-WMC |
| v. | |
| CITY OF SAN DIEGO, a municipal corporation; SAN DIEGO POLICE DEPARTMENT; WILLIAM LANSDOWNE, an individual; KEN DAVIS, an individual; DOES, 1-100, inclusive, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted December 9, 2011
Pasadena, California

Before: D.W. NELSON, GOULD, and IKUTA, Circuit Judges.

Melford Wilson ("Wilson") appeals the district court's summary judgment

order in favor of San Diego Police Department ("SDPD") police officer Ken Davis

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

("Davis"). Wilson filed a § 1983 action alleging that Davis violated Wilson's Fourth Amendment rights when Davis arrested him, without probable cause, for violating California Penal Code § 148(a)(1) which prohibits resisting, delaying, or obstructing a police officer; that Davis retaliated against Wilson for exercising his First Amendment right to speech; and that Davis, without probable cause, maliciously initiated the prosecution of Wilson for the purpose of denying his First Amendment rights. The district court found that Davis was entitled to qualified immunity because he had probable cause to arrest Wilson. Accordingly, the district court concluded that Wilson failed to show constitutional violations as to his Fourth Amendment claims and malicious prosecution claim, and Davis was entitled to qualified immunity as to Wilson's First Amendment retaliation claim because even absent probable cause, a reasonable officer in Davis's situation would have believed he had probable cause to arrest Wilson for violating California Penal Code § 148(a)(1).

On appeal, Wilson argues that the district court, in granting summary judgment in favor of Davis, did not view the disputed facts in the light most favorable to Wilson, the nonmoving party. We agree.

We review de novo the district court's grant of summary judgment. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007). In so doing, all

facts are viewed in the light most favorable to the nonmoving party. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). We also review de novo the district court's determination that Davis is entitled to qualified immunity. *Blankenhorn*, 485 F.3d at 470.

> In reviewing the district court's legal conclusion that [Davis] is entitled to qualified immunity, we apply the familiar analytical framework laid out in *Saucier v. Katz*, 533 U.S. 194 (2001), *modified by Pearson v. Callahan*, 555 U.S. 223 (2009). Under *Saucier*, whether a government official is entitled to qualified immunity is a two-part inquiry: (1) whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right; and (2) whether that right was clearly established "in light of the specific context of the case."

*Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1100 (9th Cir. 2011) (quoting *Saucier*, 533 U.S. at 201).

Davis arrested Wilson for allegedly delaying and obstructing the SDPD's Gang Suppression Team's investigation of a house party, in violation of California Penal Code § 148(a)(1). During the proceedings below, Wilson and Davis presented markedly and unmistakably divergent accounts of the relevant events. This case thus presents a tale of two stories:

According to Wilson, after several SDPD officers and squad cars arrived at the residence to investigate an illegally parked car and the alleged gang presence at the party, Wilson, perceiving no gang threat or other criminal threat, openly

criticized the police response, referred to the officers in pejorative terms, using some profanity, and questioned the SDPD's use of taxpayers' money in that way. Per Wilson's portrayal of the events, his questioning and comments in no way impeded investigation as others continued to give their interviews to the police. Davis, apparently annoyed by the criticism, stated "I'm going to find some reason to take you to jail." Davis then fabricated a reason to arrest Wilson by telling Wilson first to take his hands out of his pockets and raise them. Wilson complied, and Davis then told Wilson to put his hands, now raised, down. Wilson again complied. Davis ordered Wilson once again to raise his hands, and Wilson did so but apparently too slowly for Davis's liking. At this point Davis told Wilson, "Now I'm going [to take] you to jail for resisting arrest," and arrested Wilson for violating § 148(a)(1).

According to Davis, he and the other officers approached a large group of men in the yard of the residence, located in a known gang-affiliated area, in order to stop apparent marijuana smoking, to check for warrants, to stop any gang members from intimidating the neighbors, to correct an illegally parked car, and to identify and document any gang members. Wilson smelled of alcohol, was belligerent, and screamed obscenities at Davis and the other officers. Davis asked Wilson to stop yelling and explained to Wilson that the officers were investigating

possible gang activity and would leave once their investigation was complete.

Wilson responded that he was a taxpayer and could speak freely. Davis told

Wilson that he was creating a disturbance, that he was interfering with the officers'

ability to conduct their investigation, and that, if he did not stop, he could be

arrested. Wilson continued verbally to abuse the officers and to incite the other

party-goers, further interfering with the officers' ability to conduct their interviews

and investigation. Davis then arrested Wilson for violating California Penal Code §

148(a)(1).

"Probable cause exists when, under the totality of the circumstances known

to the arresting officers (or within the knowledge of the other officers at the scene),

a prudent person would believe the suspect had committed a crime." *Dubner v.

City & Cnty. of S.F.*, 266 F.3d 959, 966 (9th Cir. 2001) (citation omitted). Under

California law, "speech is generally protected by the First Amendment, even if

intended to interfere with the performance of an officer's duty, provided no

physical interference results," *People v. Robles*, 48 Cal. App. 4th Supp. 1, 6 (Ct.

App. 1996), and engaging in protected speech alone may not serve as a basis for a

violation of § 148(a)(1), *see People v. Quiroga*, 16 Cal. App. 4th 961, 966 (Ct.

App. 1993).

Viewing the evidence in the light most favorable to Wilson, the nonmoving party, Wilson engaged in protected speech the purpose of which was to criticize the police presence and whose consequence was neither to incite Wilson's fellow party-goers nor to result in any physical interference of the SDPD's investigation. Summary judgment was inappropriate because there was a genuine issue of material fact whether Davis had probable cause to arrest Wilson for a violation of § 148(a)(1), and consequently, there was a genuine issue of material fact whether Davis violated Wilson's Fourth Amendment right against false arrest and false imprisonment, right against malicious prosecution for engaging in his First Amendment right to criticize government officials, and right against retaliation for engaging in First Amendment-protected speech. *See, e.g.*, *Dubner*, 266 F.3d at 964 (false arrest and false imprisonment); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (malicious prosecution); *Crawford-El v. Britton*, 523 U.S. 574, 592 (1998) (retaliation). Moreover, because these rights, at the time of and in the context of the events at issue, were clearly established, Davis is not entitled to qualified immunity. *See Clairmont*, 632 F.3d at 1100. We reverse and remand the matter to the district court for proceedings consistent with this decision.

**REVERSED and REMANDED.**