**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL RIESE, an individual, | No. 14-16801 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-03723-WHO |
| v. | |
| COUNTY OF DEL NORTE; CRESCENT CITY; CRESCENT CITY POLICE DEPARTMENT; COUNTY OF DEL NORTE SHERIFF'S DEPARTMENT; JON ALEXANDER; KEITH DOYLE; DOUG PLACK; RICHARD GRIFFIN, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick III, District Judge, Presiding

Argued and Submitted November 14, 2016
San Francisco, California

Before: GOULD, CLIFTON, and WATFORD, Circuit Judges.

Appellant Michael Riese filed a 42 U.S.C. § 1983 malicious prosecution

action against former District Attorney for Del Norte County, California, Jon

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Alexander, the county itself, and others. Riese alleged that Alexander improperly pressured prosecutors in the California Attorney General's office to file charges against Riese for driving under the influence of alcohol or drugs. *See* Cal. Veh. Code § 23152. The district court granted summary judgment to the defendants on all claims. Riese timely appealed, and we affirm.

To succeed on a claim of malicious prosecution under 42 U.S.C. § 1983, Riese must show (1) a criminal prosecution by or at the direction of the defendant; (2) with malice; (3) without probable cause; and (4) for the purpose of denying him equal protection or another specific constitutional right. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). The presence of probable cause is a defense to malicious prosecution. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995), *as amended on denial of reh'g and reh'g en banc* (Dec. 29, 1995).

Crescent City Police Detective Keith Doyle prepared an investigative report reviewed by the prosecutors in this case. The report contained substantial evidence that Riese had driven while under the influence of a drug. There is no genuine dispute as to the controlling material fact that Riese's prosecution was supported by probable cause to think that he was guilty of the crime charged. Hence,

summary judgment was correct under the standard set by Rule 56 of the Federal Rules of Civil Procedure. We review pertinent parts of the evidence below.

First, Doyle's investigative report included evidence that on August 22, 2011, Riese was under the influence of a drug. Around 8:00 PM that day, Riese was found disoriented in a Safeway. Testimony from the responding officers and store employees indicated that Riese said he was taking the painkiller Vicodin; appeared confused and disoriented; had difficulty standing in place; was barely able to walk; was slurring his speech; opened store products while sitting on the floor; was unable to properly slide his card through the payment terminal; tried to slide his card through the change return; did not know where his keys and cell phone were; was unable to operate a borrowed phone; was at least three-and-a-half hours off on his estimate of the time; and seemed, per Detective Doyle's observation from the store tape, "extremely under the influence." Also, a store employee told Doyle that Riese was not competent to drive. Further, according to Doyle's report, when Riese picked up his children from daycare earlier that day, he had acted unusually and had been abnormally abrupt in his conversations. Riese's ex-wife Stephanie Riese, who spoke to him on the phone that day, described his words as "gibberish." She later saw Riese at his office, and observed that Riese exhibited odd behavior, was sweating, and that his eyes were glazed over.

Second, the report indicates that Riese drove during this period. For one thing, he drove to his children's daycare, where a person present at the daycare said he arrived "crazy" and "very fast." A daycare employee said that when he left, he ran over several solar lights. Riese's truck was later seen at his office, where it was parked crossways in the parking lot with its door open and hood up. No more than one hour later, Riese's truck was seen fifty feet away from Safeway, parked across four different parking spaces. Also, according to Stephanie Riese, one of Riese's children told her that Riese had driven erratically and almost gotten into an accident.

Even if some of the evidence is disputed or conflicting, and indeed some of this was hearsay, that does not preclude a conclusion that "probable cause," as opposed to definite guilt, existed as a matter of law. *See Lassiter v. City of Bremerton*, 556 F.3d 1049, 1053 (9th Cir. 2009). Probable cause requires only a "fair probability" that the defendant committed a crime. *Grant v. City of Long Beach*, 315 F.3d 1081, 1085 (9th Cir. 2002), *opinion amended on denial of reh'g*, 334 F.3d 795 (9th Cir. 2003) (internal quotation marks omitted). The record before the court on summary judgment established that there was a fair probability that Riese drove while under the influence, and no fact issue on particular parts of

4

the evidence raised a genuine dispute on the conclusion of probable cause as a whole.

**AFFIRMED.**