**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMIE BADDOUR,

               Plaintiff-Appellant,

    v.

SEAN HART; et al.,

               Defendants-Appellees.

No.   16-15289

D.C. No. 4:14-cv-01355-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Submitted November 26, 2018[**]

Before:  GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Jamie Baddour appeals pro se the district court's summary judgment in

Baddour's 42 U.S.C. § 1983 action alleging that Daly City Police Officer Sean

Hart conspired with Baddour's ex-husband, Mazen Salfiti, to violate Baddour's

constitutional rights and state law by unlawfully arresting her on charges of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

domestic violence and child endangerment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Beck v. City of Upland*, 527 F.3d 853, 867 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Baddour's conspiracy claims because Baddour failed to raise a triable dispute as to whether defendants agreed to deprive her of any constitutional right. *See Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (a conspiracy claim requires the existence of an agreement or meeting of the minds to violate constitutional rights).

The district court properly granted summary judgment on Baddour's malicious prosecution and false arrest claims because defendants established that Officer Hart had probable cause to arrest Baddour. *See Beck*, 527 F.3d at 864 (a false arrest claim requires the absence of probable cause); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1064 (9th Cir. 2004) (a malicious prosecution claim requires the same).

The district court properly granted Officer Hart qualified immunity, and properly granted summary judgment on Baddour's municipal liability and "stigma-plus" claims, because Baddour failed to raise a triable dispute as to whether defendants violated any of her constitutional rights. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (government officials are entitled to qualified immunity

where there is no violation of plaintiff's constitutional rights or the right at issue was not "clearly established" at the time of the alleged violation); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam) (if defendant police officers inflicted no constitutional injury, the municipality cannot be liable for damages); *Miller v. California*, 355 F.3d 1172, 1177 (9th Cir. 2004) (a "stigma-plus" claim requires defamation plus the deprivation of a constitutional right).

The district court did not abuse its discretion in denying Baddour's motion to strike from evidence a video taken on Salfiti's cell phone because Baddour did not show why the video was inadmissible. *See Boyd v. City & Cty. of S.F.*, 576 F.3d 938, 943 (9th Cir. 2009) (standard of review); *see generally Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment.").

The district court did not abuse its discretion in declining to consider Baddour's "Supplemental Opposition" to the motion for summary judgment because Baddour filed it after the deadline for any opposition was due and there is no provision in the Local Rules for filing a supplemental opposition. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) ("District courts have 'inherent power' to control their dockets." (citation omitted)).

**AFFIRMED.**

3