**Kambiz MALEKI, Plaintiff–Appellant,**

v.

**LOS ANGELES UNIFIED SCHOOL DISTRICT, a local governmental organization; Eric Clenney; Thomas Leslie; Gary Black; Jim Xanthos; Roger Freeman, individually and in their official capacity, Defendants–Appellees.**

No. 04–55189.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 15, 2005.

Decided Dec. 21, 2005.

---

588

Richard Hamlish, Esq., Westlake Village, CA, for Plaintiff–Appellant.

R. Paul Katrinak, Esq., Christensen Miller Fink Jacobs, et. al., Los Angeles, CA, for Defendants–Appellees.

Before: BRIGHT,[*] B. FLETCHER, and SILVERMAN, Circuit Judges.

## MEMORANDUM [**]

The appellant, Ken Maleki ("Maleki"), filed this civil suit against the Los Angeles Unified School District ("LAUSD") and several of its employees in their official and individual capacities. He alleges violations of his constitutional rights under 42 U.S.C. §§ 1983 and 1985, and he asserts a state law claim for malicious prosecution. The district court granted the defendant-appellees' motion for summary judgment. We have jurisdiction to review the district court's final order under 28 U.S.C. § 1291, and we affirm.[1]

[*] The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## I.

■ LAUSD is immune from suit, as are the other defendant-appellees in their official capacity. The Supreme Court has held for more than a century that the Eleventh Amendment precludes a citizen from suing a State—whether his own State or another—unless the State consents to be sued. *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). While the appellant argues that the Supreme Court's jurisprudence is contrary to the text, spirit, and intent of the Eleventh Amendment, we decline his invitation to overhaul this established principle of constitutional law.

In *Belanger v. Madera Unified School District,* 963 F.2d 248 (9th Cir.1992), we held that the California public school system and its employees are state actors for purposes of the Eleventh Amendment. *Id.* at 251. Our decision in *Belanger* compels the conclusion that LAUSD is entitled to summary judgment and that defendant-appellees Xanthos, Leslie, Clenney, Black, and Freeman, as employees of LAUSD, are entitled to immunity in their official capacity.

## II.

The defendant-appellees are also entitled to summary judgment in their individual capacities. Even viewed in the light most favorable to appellant, the evidence

1. Because this memorandum disposition is not for publication, we review the facts of the case only insofar as is necessary to explain our decision.

presented by Maleki is insufficient to support either his constitutional claims under §§ 1983 and 1985 or his state-law claim for malicious prosecution.

### A.

■ First, Mr. Maleki advances claims under the Fourth, Fifth, and Fourteenth Amendments related to his allegations that LAUSD employees deliberately provided false or misleading evidence to the police and district attorney who investigated and prosecuted him. These claims—which include accusations that the employees fabricated evidence, caused Mr. Maleki's false arrest, and maliciously prosecuted him—are all unsupported by evidence. It is undisputed that Mr. Maleki gave $500 in a cookie tin to his LAUSD supervisor, Eric Clenney, and there is nothing in the record to indicate that the supervisor should have understood Mr. Maleki's gesture as anything other than an illegal bribe. Mr. Maleki's constitutional claims fail for the simple reason that no evidence supports his assertions that LAUSD employees knowingly provided false or misleading information to law enforcement officials.

The appellant's reliance on *Awabdy v. City of Adelanto,* 368 F.3d 1062 (9th Cir. 2004), is misplaced. In *Awabdy,* we held only that the plaintiff had stated a valid cause of action and that *dismissal* of his claim was inappropriate. *See id.* at 1066 ("Dismissal under Rule 12(b)(6) is appropriate only if it appears beyond doubt that Awabdy can prove no set of facts consistent with the allegations set forth in his complaint that would entitle him to relief."). By contrast, the district court granted *summary judgment* to the defendants because Mr. Maleki failed to set forth evidence sufficient to support his claims. We agree with the district court's conclusion that the appellant presented insufficient evidence to support his constitutional claims.[2]

### B.

■ Next, appellant argues that his right to due process was violated because LAUSD—in particular, its attorney Roger Freeman—refused to postpone an administrative proceeding against him. We recognize that LAUSD's decision to go forward with its administrative hearing placed Mr. Maleki in a difficult position: he had to choose between, on the one hand, testifying at the administrative proceeding at the possible expense of his criminal defense or, on the other hand, remaining silent at the administrative proceeding at the risk of being declared a "not responsible contractor." Under Ninth Circuit law, however, it was not unconstitutional for LAUSD to put Mr. Maleki to this choice. *See Ryan v. Montana,* 580

---

2. Mr. Maleki's states in his declaration: "It appeared to me that Eric Clenney was expecting to be compensated for all the hours … because he mentioned that he was not getting overtime from the District." Likewise, Mr. Sharif's declaration states that Mr. Clenney often stayed late at the construction site and complained about not getting any overtime. According to these two declarations, Mr. Maleki and Mr. Sharif made an independent decision to compensate Mr. Clenney for his extra work in connection with the project at Coliseum Elementary School and expected nothing in return for the $500 payment. But neither declaration indicates that Mr. Maleki ever communicated the nature of the payment to Mr. Clenney. Thus, there is no support in the record for his attempt to characterize the payment as a "moonlighting" arrangement or as "compensation for work done." Appellant's Opening Brief at 27. Thus, there is no evidence in the record that it was unreasonable or dishonest—much less malicious—for Mr. Clenney to report the suspicious payment to his supervisors and to law enforcement officials. Accordingly, Mr. Maleki cannot overcome the presumption that law enforcement officials exercised their independent judgment in deciding to arrest and to prosecute Mr. Maleki, and for this reason, his constitutional claims fail. *See, e.g., Smiddy v. Varney,* 665 F.2d 261, 266–67 (9th Cir.1981).

F.2d 988 (9th Cir.1978) (holding that it was not a denial of due process for a State to hold a civil proceeding to revoke parole while criminal charges were still pending against the parolee). Because LAUSD's administrative proceeding did not automatically impose sanctions *as a result of Mr. Maleki's refusal to testify*, it "did not ... put him to an unconstitutional election." *Id.* at 990. *See also Baxter v. Palmigiano*, 425 U.S. 308, 317–19, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976).

### C.

Appellant further contends that the district court improperly granted summary judgment on his so-called "defamation-plus" claim under 42 U.S.C. § 1983. This contention fails for several reasons. First, we note that the appellant never actually identified defamation-plus as a cause of action in his complaint. Second, we agree with the district court's conclusion that the defendant has presented no evidence to support a defamation-plus claim. (While appellant argues that he need not defend his defamation-plus claim at the summary judgment stage, he *does* need to "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). This the appellant has failed to do.) Finally, although the Ninth Circuit recognizes "defamation-plus" as a constitutional cause of action, *see Herb Hallman Chevrolet, Inc. v. Nash–Holmes*, 169 F.3d 636 (9th Cir.1999), we have required that the injury to the plaintiff's reputation be connected to a constitutionally protected federal right, *id.* at 645. Because the appellant has failed to demonstrate the deprivation of any federally protected right, his purported deprivation-plus claim necessarily fails.

### D.

The appellant's state law claim for malicious prosecution also fails. In order to prevail on a claim for malicious prosecution under California law, a plaintiff must demonstrate that (1) the prosecution was commenced by or at the direction of the defendant and was terminated in the plaintiff's favor, (2) that the prosecutor lacked probable cause to bring the charges against the plaintiff, and (3) that the prosecutor initiated and pursued the prosecution with actual malice. *Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 254 Cal. Rptr. 336, 765 P.2d 498, 501 (1989). Just as we conclude that the appellant set forth insufficient evidence to support his allegations that LAUSD officials knowingly provided false or misleading information to law enforcement officials, so too we conclude that he presented insufficient evidence to suggest that the prosecutor lacked probable cause.

### III.

For the foregoing reasons, the district court's decision to grant the defendant-appellees' motion for summary judgment is AFFIRMED.