**Nelson GALBRAITH, Plaintiff– Appellant,**

v.

**COUNTY OF SANTA CLARA; Angelo Ozoa, M.D., individually, and in his official capacity as Santa Clara County Chief Medical Examiner–Coroner, Defendants–Appellees,**

v.

**Michael Yore, Detective, Palo Alto, Third–party–defendant– Appellee.**

No. 06–16025.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 2007.

Filed May 1, 2007.

Thomas M. Burton, Esq., Burton, Brunt & Robbins, Pleasanton, CA, Suite C–1, The Law Office of Stuart D. Kirchick, San Jose, CA, Michael Goldsmith, Midway, UT, for Plaintiff-Appellant.

Alison Buchanan, Esq., Christine O. Jacobs, Esq., Hoge Fenton Jones & Appel, San Jose, CA, for Defendants-Appellees.

Before: HUG, W. FLETCHER, and BEA, Circuit Judges.

### MEMORANDUM *

In 1998, a jury acquitted Nelson Galbraith on murder charges. Galbraith filed a 42 U.S.C. § 1983 claim against Dr. Ozoa, the Santa Clara County Chief Medical Examiner–Coroner, and Santa Clara County ("County"). Galbraith alleged that Dr. Ozoa's false statements about his homicide findings caused the County District Attorney's Office, without probable cause, to arrest and prosecute Galbraith for murder. The district court granted summary judgment for Dr. Ozoa based on the presumption of prosecutorial independence and qualified immunity, and for the County based on a finding that no evidence proved Galbraith suffered a constitutional violation as a result of any official policy or custom of the County. We now reverse and remand for trial.

We review de novo a district court's decision to grant summary judgment. *Universal Health Servs., Inc. v. Thompson,* 363 F.3d 1013, 1019 (9th Cir.2004). We hold that Galbraith provided sufficient evidence to create a genuine issue of material fact as to (1) whether Dr. Ozoa was reckless in performing the autopsy and in concluding the cause of death was homicide, *see Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1126 (9th Cir.2002), and (2) whether the prosecutor independently decided to try the case without significant reliance on Dr. Ozoa's autopsy and statements. *See Smiddy v. Varney,* 665 F.2d 261, 266–67 (9th Cir.1981) (en banc). In viewing the evidence in the light most favorable to Galbraith, the inconsistencies in the prosecutor's declaration create a genuine issue of material fact as to

whether the prosecutor did significantly rely on the autopsy in her decision to prosecute. Law professor and former homicide prosecutor Professor Gershman's affidavit statement that "no professional prosecutor would accept a homicide referral and file charges without relying upon the forensic pathologist analysis, evaluation, and conclusion" emphasizes the question of material fact that the prosecutor's inconsistencies create. Therefore, the district court's grant of summary judgment in favor of Dr. Ozoa is reversed and remanded for trial.

We review de novo a decision by a district court to afford a municipality immunity. *Botello v. Gammick,* 413 F.3d 971, 975 (9th Cir.2005). We hold that (1) Dr. Ozoa was a final policymaker for the municipality in the area of written autopsy reports, *see Pembaur v. City of Cincinnati,* 475 U.S. 469, 480–83, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), and (2) there is a genuine issue of material fact as to whether the County's lack of training policies and procedures amounted to deliberate indifference to Galbraith's constitutional rights. *Long v. County of Los Angeles,* 442 F.3d 1178, 1186 (9th Cir.2006). Therefore, we reverse summary judgment in favor of the County and remand for trial.

**REVERSE and REMAND.**

BEA, Circuit Judge, dissenting:

I respectfully dissent. "Ordinarily, the decision to file a criminal complaint is presumed to result from an independent determination on the part of the prosecutor, and thus, precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings." *Awabdy v. City of Adelan-*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to, 368 F.3d 1062, 1067 (9th Cir.2004) (citation omitted). However, this presumption of prosecutorial independence can be rebutted by "a coroner's reckless or intentional falsification of an autopsy report that plays a material role in the false arrest and prosecution of an individual...." *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1126 (9th Cir.2002).

The majority finds two pieces of evidence create a genuine issue of material fact as to whether Dr. Ozoa's misrepresentations played a material role in the prosecutor's decision to file charges: the prosecutor's inconsistent declarations, and Professor Gershman's expert declaration. As the district court found, the prosecutor's "mistaken inclusion in one paragraph that she relied [on] 'the experiment and opinions of Dr. Mason,' among other evidence, in concluding there was probable cause to file charges is not material" and "does not undermine the evidence that [the prosecutor] made an independent decision to initiate criminal charges one and a half years after Mrs. Galbraith's death based on evidence other than Dr. Ozoa's autopsy and conclusions." As to Gershman's affidavit, his conclusion was based only on the transcript of the preliminary hearing, not the entirety of the evidence on which the prosecutor relied in deciding to file charges. Therefore, the foundational basis for Gershman's opinion is lacking in relevance. *See* Fed.R.Evid. 602.

I would hold that Galbraith failed to rebut the presumption of prosecutorial independence, and would therefore affirm the district court's grant of summary judgment in favor of Dr. Ozoa. Because the County's liability flows from Dr. Ozoa's liability, I would also affirm the district

court's grant of summary judgment in favor of the County.