**William DAL MOLIN; Chris Malan,**
**Plaintiffs–Appellants,**

v.

**COUNTY OF NAPA CONSERVATION,**
**DEVELOPMENT & PLANNING DE-**
**PARTMENT; Ed Colby, Individually**
**and in his Official Capacity; County**
**of Napa District Attorney's Office;**
**Richard Zimmerman, individually and**
**in his official capacity, Defendants–**
**Appellees.**

No. 05–16804.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 2008.

Filed Feb. 6, 2008.

Michael G. Miller, Esq., Perry Johnson
Anderson Miller & Moskowitz LLP, Santa
Rosa, CA, for Plaintiffs–Appellants.

Matthew P. Harrington, Esq., Gary M.
Lepper, Esq., Lepper, Schaefer & Har-
rington, Walnut Creek, CA, for Defen-
dants–Appellees.

Before: NOONAN, W. FLETCHER,
and BEA, Circuit Judges.

MEMORANDUM *

William Dal Molin and Chris Malan (Ap-
pellants) appeal the dismissal of their suit
under 42 U.S.C. § 1983. They allege that
the district court erred when it held that
Malan lacked standing and that Appellants
had presented insufficient evidence to
maintain a claim of malicious or selective
prosecution. The district court did not
err, and we affirm.

Malan contends that the prosecution of
her father as retaliation for her political
activity confers standing on her to sue for
a violation of her First Amendment rights.
Her argument is squarely foreclosed by
*Biggs v. Best, Best & Krieger,* 189 F.3d
989, 992–93 (9th Cir.1999).

Appellants argue that, because they al-
leged that Dal Molin's prosecution was
motivated by malice and bad faith, the
district court should have proceeded to
trial on a claim of malicious prosecution.
However, Appellants failed to allege, or
introduce evidence to suggest, that Dal
Molin was prosecuted in the absence of
probable cause. *See Awabdy v. City of
Adelanto,* 368 F.3d 1062, 1066 (9th Cir.
2004). The district court was therefore
correct to grant summary judgment
against Appellants on their malicious pros-
ecution claim.

Appellants likewise failed to substanti-
ate their selective prosecution claim. In
order to maintain a claim of selective pros-
ecution, a plaintiff must show that similar-
ly situated individuals were not prosecuted
unless they were members of a targeted
class. *See Wayte v. United States,* 470
U.S. 598, 608–610, 105 S.Ct. 1524, 84
L.Ed.2d 547 (1985); *United States v.
Armstrong,* 517 U.S. 456, 463, 116 S.Ct.
1480, 134 L.Ed.2d 687 (1996). Appellants
have not shown that the several individu-
als who were prosecuted under similar cir-
cumstances were also related to political
activists. Nor have they shown that the

---

* This disposition is not appropriate for publica-
tion and is not precedent except as provided    by 9th Cir. R. 36–3.

individuals who went unprosecuted were unrelated to political activists. The district court was therefore correct to grant summary judgment against Appellants on their selective prosecution claim.

AFFIRMED.

NOONAN, Circuit Judge, concurring:

Regrettably, *Biggs* controls unless it is overruled. The result is regrettable because it gives a tool to petty tyrants to torment their enemies by prosecuting a parent, child or spouse. In the America that I am familiar with, injury to anyone in one of these relationships is the same, or worse, as an injury to oneself. The smell in this case is not good.