**Roy L. COLBERT, Jr., Plaintiff— Appellant,**

**and**

**Latronia Gipson; et al., Plaintiffs,**

**v.**

**FONTANA POLICE DEPARTMENT; et al., Defendants—Appellees,**

**and**

**Chief of Police, City of Fontana; et al., Defendants.**

No. 07–55858.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 24, 2008.

Filed Nov. 10, 2008.

Jeff Dominic Price, Santa Monica, CA, for Plaintiff–Appellant.

Linda Bernatz Martin, Esquire, Rinos & Martin, Tustin, CA, for Defendants–Appellees.

Before: W. FLETCHER and PAEZ, Circuit Judges, and DUFFY,[*] District Judge.

### MEMORANDUM [**]

Roy Colbert, Jr., appeals the district court's grant of summary judgment to Defendants City of Fontana, Fontana Police Department, Officer Brad Guith, and Detective Mark Jacobson on Colbert's § 1983 claim for malicious prosecution. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the grant of summary judgment de novo. *Newman v. County of Orange*, 457 F.3d 991, 993 (9th Cir.2006).

In doing so, we view "the evidence in the light most favorable to the non-moving party" to determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *United States ex rel. Ali v. Daniel, Mann, Johnson & Mendenhall*, 355 F.3d 1140, 1144 (9th Cir.2004).

*Smiddy v. Varney* established a rebuttable presumption that a prosecutor exercises independent judgment in deciding to file criminal charges, thus immunizing the investigating officers from liability for injuries suffered after the charging decision. 665 F.2d 261 (9th Cir.1981). This presumption may be rebutted with evidence that the officers "improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir.2004). "Such evidence must be substantial." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1027 (9th Cir.2008).

Colbert contends that he presented sufficient evidence to establish an issue of material fact as to whether defendant officers interfered with the prosecutor's independent judgment by withholding video evidence from the district attorney and misrepresenting the contents of that evidence.[1] The district court properly rejected these arguments.

---

[*] The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Colbert also briefly suggests that by requesting expedited filing of Colbert's case, the Fontana Police Department pressured the district attorney in such a way as to interfere with his exercise of independent judgment. But a routine request to make a filing decision quickly does not amount to the exertion of improper pressure to file.

Colbert also suggests that Officer Guith omitted material information from his police report by failing to include the statement of Colbert's wife that Colbert "did not have a gun" and "did not commit any crime" is also without merit. A bald assertion of innocence

First, although the officers did not physically deliver the video evidence to the district attorney when they provided him with their police report, the report noted the existence of the video, stated that the video was booked into evidence in the police station property room, and offered Officer Guith's opinion that the video was inconclusive as to the charges. Colbert does not offer any evidence that defendant officers prevented the district attorney's office from accessing and viewing the video. Colbert therefore fails to create a triable issue of fact as to whether defendants concealed or withheld the video.

Second, Colbert's claim that Guith "made a false statement" in his description of the video in the police report is not supported by the evidence. Guith did not provide a definitive statement on whether the video shows a weapon, but merely his own opinion that, based on the video, he "could not tell whether or not suspect Colbert had a weapon." The video is brief and choppy, and the image quality is low. Even viewed in the light most favorable to Colbert, this evidence cannot be considered sufficiently "substantial" for a reasonable trier of fact to conclude that Guith "knowingly provided misinformation" to the prosecutor in expressing his opinion that the video was inconclusive. *Awabdy*, 368 F.3d at 1067.

Finally, Guith's alleged failure to indicate in his report that the video showed Colbert waving at someone, as Colbert had claimed, and did not show Colbert reaching into his waistband, as the alleged victim had claimed, does not amount to a knowing material omission or concealment of exculpatory evidence. Had Guith detailed Colbert's filmed movements in his report, but omitted from the description that Colbert had raised or waved his hand, a reasonable jury could conclude that Colbert had falsely represented the evidence or omitted material evidence from his report. *Cf. Blankenhorn v. City of Orange*, 485 F.3d 463, 469, 484 (9th Cir.2007) (finding that where a police report provided a description of the plaintiff's arrest, but failed to include that an officer had punched the plaintiff during the arrest, the omission could reasonably be considered both "purposeful" and "relevant" to the prosecutor's decision to charge plaintiff with resisting arrest). But Guith was not required to provide a play-by-play of the short video, which the prosecutor could view on his own, and he did not purport to do so, stating only that he found the video inconclusive. In this context, Guith's failure to provide such details cannot reasonably be said to amount to a purposeful material omission.

Colbert therefore fails to rebut the presumption of prosecutorial independence, and defendant officers are entitled to summary judgment on Colbert's malicious prosecution claim. Additionally, because the officers were not the cause of any injury suffered by Colbert as a result of the criminal charges, summary judgment is also appropriate on his claim against Fontana City and Fontana Police Department. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *see also Harper*, 533 F.3d at 1024 ("A municipality may be held liable under § 1983 only where an 'action pursuant to official municipal policy of some nature

by a suspect's spouse, without any support or showing that she had personal knowledge of the relevant facts, is not material to the charging decision. *Cf. Newman*, 457 F.3d at 995 ("Prosecutors generally rely on police reports—not suspect's stories—when deciding whether charges should be filed…. A suspect's account of an incident, by itself, is unlikely to influence a prosecutor's decision, and thus, it cannot, by itself, serve as evidence that officers interfered with the prosecutor's decision.").

causes a constitutional tort.'" (quoting *Monell,* 436 U.S. at 659, 98 S.Ct. 2018)).

AFFIRMED.