**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDMOND OVASAPYAN,

        Plaintiff - Appellee,

  v.

ARTHUR FRANK; IAN GRIMES,

        Defendants - Appellants,

CITY OF GLENDALE; MATTHEW IRVINE,

        Defendants.

No. 09-55798

D.C. No. 2:08-cv-00194-CAS-JWJ

MEMORANDUM[*]

EDMOND OVASAPYAN,

        Plaintiff - Appellant,

  v.

ARTHUR FRANK; IAN GRIMES,

        Defendants - Appellees,

  and

No. 09-55990

D.C. No. 2:08-cv-00194-CAS-JWJ

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

CITY OF GLENDALE, MATTHEW IRVINE,

　　　　Defendants.

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted December 6, 2010
Pasadena, California

Before: TROTT and WARDLAW, Circuit Judges, and BREWSTER, Senior District Judge.[**]

A jury found that two Glendale, California, police officers, Detective Arthur Frank and Lieutenant Ian Grimes (the "Officers"), unlawfully arrested and caused the malicious prosecution of Edmond Ovasapyan. The district court denied the Officers' motion for judgment as a matter of law, finding that sufficient evidence supported the jury's verdict. The district court also denied the Officers qualified immunity on both claims, ruling that a reasonable officer would know that the conduct in which they engaged was unlawful. During the punitive damages phase of the trial, the district court quashed subpoenas issued to members of the Glendale

---

[**] The Honorable Rudi M. Brewster, Senior United States District Judge for the Southern District of California, sitting by designation.

-2-

City Council.  The subpoenas were presumably issued for the purposes of eliciting testimony regarding potential indemnification of the Officers by the City of Glendale.  The Officers appeal the district court's denial of their motion for judgment as a matter of law, and Mr. Ovasapyan appeals the district court's quashal of the subpoenas.  We affirm.

**A.  The District Court Properly Denied the Officers' Motion for Judgment as a Matter of Law**

Denial of a renewed motion for judgment as a matter of law is reviewed de novo.  Gilbrook v. City of Westminster, 177 F.3d 839, 864 (9th Cir. 1999).  "A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion."  Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002).

The evidence presented at trial sufficiently supported the jury's finding that the Officers lacked probable cause to arrest Mr. Ovasapyan.  The evidence presented at trial also supported the jury's finding that the Officers misled the prosecutor and withheld exculpatory information from her.

"When a police officer asserts qualified immunity, we apply a two-part analysis."  Torres v. City of Los Angeles, 548 F.3d 1197, 1210 (9th Cir. 2008).  The first question is whether "the officer's conduct violated a constitutional right."

Saucier v. Katz, 533 U.S. 194, 201 (2001).  The second question is whether the right was "clearly established."  Id. at 202.  In determining whether a right was "clearly established," the court considers whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.  Id.  The first question is one of fact, while the second is a question of law.  Tortu v. Las Vegas Metropolitan Police Dept., 556 F.3d 1075, 1085 (9th Cir. 2009).

It is clear to a reasonable officer that omitting material, exculpatory information from reports submitted to a district attorney, as the jury found the Officers did in this case, constitutes unlawful conduct.  Awabdy v. City of Adelanto, 368 F.3d 1062, 1067-68 (9th Cir. 2004).

Qualified immunity is appropriate when a reasonable officer could have believed that probable cause existed to arrest a plaintiff.  Franklin v. Fox, 312 F.3d 423, 437 (9th Cir. 2002) (internal quotations omitted).  Mrs. Shahnazari unequivocally stated that Mr. Ovasapyan was not one of the perpetrators, though she said that he bore a strong resemblance thereto.  The totality of the remaining evidence did not compensate for Mrs. Shahnazari's non-identification.  It was not reasonable for the Officers to believe they had probable cause to arrest Mr. Ovasapyan.

**B.** **The District Court Did Not Abuse its Discretion By Quashing Subpoenas Issued to Members of the Glendale City Council**

A decision to quash a civil subpoena is reviewed for abuse of discretion, Mattel, Inc. v. Walking Mountain Prods., 353 F.3d 792, 813 (9th Cir. 2003), as are evidentiary rulings, Tritchler v. County of Lake, 358 F.3d 1150, 1155 (9th Cir. 2004).  The district court did not abuse its discretion by finding that purely speculative testimony regarding the possibility that the City of Glendale might choose to indemnify the Officers against punitive damages pursuant to California Government Code § 825(b) was irrelevant, even after the Officers' testified about their personal financial status.  Both Bell v. Clackamas County, 341 F.3d 858 (9th Cir. 2003), and Lawson v. Trowbridge, 153 F.3d 368 (7th Cir. 1998) are distinguishable because those cases considered mandatory indemnification statutes.  Allegations of shadowy sources inside the Glendale City Council, with no further offer of proof, did not support the plaintiff's request.

AFFIRMED.