**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVE CHRISTENSEN, | No. 11-35034 |
| Plaintiff - Appellee, | DC No. CV 09-189 BLW |
| v. | MEMORANDUM[*] |
| DOUG ARMSTRONG, Detective, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted April 13, 2012
Seattle, Washington

Before:     HUG, TASHIMA, and CALLAHAN, Circuit Judges.

Detective Doug Armstrong of the Bannock County Sheriff's Department
appeals the district court's denial of his motion for summary judgment based on
qualified immunity.  Plaintiff Steve Christensen brought a malicious prosecution
claim against Armstrong pursuant to 42 U.S.C. § 1983, after he was charged and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

arrested for unlawful possession of firearms under an Idaho statute that did not apply to him. We have jurisdiction pursuant to 28 U.S.C. § 1291. *Mitchell v. Forsyth,* 472 U.S. 511, 530 (1985). We review the denial of summary judgment de novo, *Mattos v. Agarano*, 661 F.3d 433, 439 (9th Cir. 2011) (en banc), and we reverse and remand.

Our decision in *Smiddy v. Varney,* 665 F.2d 261, 266 (9th Cir. 1981), established a rebuttable presumption that the decision to file a criminal complaint results from the independent determination of the prosecutor, insulating the officer that initiated the criminal prosecution from liability. This presumption of prosecutorial independence may be rebutted with evidence that the officer "improperly exerted pressure on the prosecutor, knowingly provided misinformation to him, concealed exculpatory evidence, or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings." *Awabdy v. City of Adelanto,* 368 F.3d 1062, 1067 (9th Cir. 2004). "Such evidence must be substantial." *Harper v. City of L.A.*, 533 F.3d 1010, 1027 (9th Cir. 2008).

The district court relied on Christensen's deposition testimony and affidavit to hold that there were disputed issues of material fact precluding summary judgment. Christensen's deposition testimony and affidavit indicated that he told

2

Armstrong that his civil rights had been restored, that he had been so advised by his probation officer, and that he had possessed firearms in the past. Armstrong's report did not include these statements. Instead, it stated that Christensen told Armstrong he was unsure whether his right to own firearms had been restored.

Christensen's account of his conversation with Armstrong is not sufficient evidence to overcome the presumption of prosecutorial independence. *See Newman v. Cnty. of Orange,* 457 F.3d 991, 994-96 (9th Cir. 2006). Armstrong stated in his police report that Christensen's felony conviction dated back to 1977, and it is the date of that conviction that made the Idaho firearms possession statute inapplicable to him; the prosecutor thus had the relevant exculpatory evidence before him when he made the decision to charge Christensen.

Because Christensen failed to rebut the presumption of prosecutorial independence, we reverse the district court's determination that Armstrong was not entitled to qualified immunity and remand for further proceedings.