

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMJAD ABUDIAB,<br><br>    Plaintiff - Appellee,<br><br> v.<br><br>ELIAS GEORGOPOULOS,<br><br>    Defendant - Appellant.<br>And<br><br><br>CITY AND COUNTY OF SAN<br>FRANCISCO; ANTONIO PARA,<br><br>    Defendants. | No. 11-18016<br><br>D.C. No. 3:09-cv-01778-JSW<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted November 6, 2013
San Francisco, California

Before: W. FLETCHER and NGUYEN, Circuit Judges, and DUFFY, District
Judge.**

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36–3.
\*\*    The Honorable Kevin Thomas Duffy, United States District Judge for the
Southern District of New York, sitting by designation.

Appellant Elias Georgopoulos appeals the district court's summary judgment order, which denied him qualified immunity on Appellee Amjad Abudiab's First Amendment retaliation and Fourth Amendment malicious prosecution claims. We review a denial of qualified immunity *de novo*, *Johnson v. Bay Area Rapid Transit Dist.*, 724 F.3d 1159, 1168 (9th Cir. 2013), and affirm here.

Qualified immunity is determined by a two-step inquiry: (1) Are the facts that a plaintiff has alleged or shown sufficient to demonstrate a violation of a constitutional right?; and (2) Was the right at issue "clearly established" at the time of the defendant's alleged misconduct? *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *receded from by Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If the answer to both questions is yes, then qualified immunity should be denied. *Id.*

The district court properly denied Georgopoulos qualified immunity on Abudiab's First Amendment retaliation claim because (1) Abudiab raised an issue of fact over whether Georgopoulos violated his First Amendment rights by punching him and spraying him with pepper spray, and (2) the right to be free from First Amendment retaliation by a government official was clearly established at the time of Georgopoulos's alleged misconduct. *See United States v. Poocha*, 259 F.3d 1077, 1080–82 (9th Cir. 2001); *Saranno's Gasco, Inc. v. Morgan*, 874 F.2d

1310, 1319 (9th Cir. 1989). Likewise, the district court properly denied Georgopoulos qualified immunity on Abudiab's Fourth Amendment malicious prosecution claim because (1) Abudiab raised an issue of fact as to whether Georgopoulos, using his status as a city parking officer, lied to the police to have Abudiab arrested, and (2) the right to be free from malicious prosecution by a government official was clearly established at the time of Georgopoulos's alleged misconduct. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004)*; Harris v. Roderick*, 126 F.3d 1189, 1198 (9th Cir. 1997).

In contrast to a denial of qualified immunity, which is an appealable "final decision," *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), a grant of qualified immunity is generally not independently appealable on an interlocutory basis, *see Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009). We thus decline to consider Abudiab's argument that the district court improperly granted Georgopoulos qualified immunity on Abudiab's Fourth Amendment excessive force claim.

Also pending before the Court is Appellee's Motion for Sanctions and Appellant's Opposition to Sanctions Motion/Motion to Strike Portions of Abudiab's Brief. Both motions are DENIED.

**AFFIRMED.**