FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAHER SALAMA, | No. 11-56675 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-07854-DMG-RC |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted December 2, 2013
Pasadena, California

Before: SCHROEDER, CLIFTON, and WATFORD, Circuit Judges.

**1.** Maher Salama's arrest pursuant to a valid, judicially issued warrant was supported by probable cause. Judge Diesman made an independent probable cause determination, based on a misdemeanor complaint filed by the assistant district attorney. Our deferential review of judicial probable cause findings is limited. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ask only whether the factual record presented to Judge Diesman provided a "substantial basis for concluding there was a fair probability" that Salama committed the offense. *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc). Given the evidence in the record—in particular the interviews of the two victims—there was a substantial basis for finding probable cause. As the district court aptly put it: "Although Plaintiff disputes the *truth* of Alissa and Melissa's statements to the investigating officers, it is the *fact* of their statements to the officers rather than the statements' substantive truth that is material."

**2.** Salama failed to present any evidence of "fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith" to rebut the probable cause determination. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004). Contrary to Salama's assertion, the assistant district attorney was aware of the inconsistencies in the victims' stories but considered those inconsistences to be "expected and typical" in this type of case. There is no evidence that the investigating officers concealed or falsified evidence, or otherwise improperly pressured the assistant district attorney. Salama's contention that defendants should have taken greater or different investigatory measures does not create a factual dispute about the measures the defendants did take, nor does it undermine the sufficiency of the existing evidence supporting probable cause.

**3.** The district court correctly concluded that absent a constitutional violation, Salama cannot prevail on his municipal liability, false arrest, and Bane Act claims. *See Johnson v. City of Seattle*, 474 F.3d 634, 638–39 (9th Cir. 2007); *O'Toole v. Superior Ct.*, 44 Cal. Rptr. 3d 531, 548–49 (Cal. Ct. App. 2006); *Thompson v. County of Los Angeles*, 47 Cal. Rptr. 3d 702, 716–17 (Cal. Ct. App. 2006).

**AFFIRMED.**