
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCO ANTONIO GARCIA, an individual, | No. 11-56982 |
| Plaintiff - Appellee, | D.C. No. 8:09-cv-01169-DOC-RNB |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant, | |
| And | |
| RAYMOND A. ESCOBAR, AKA Ray Escobar, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted December 3, 2013
Pasadena, California

Before: D.W. NELSON, WARDLAW, and RAWLINSON, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

In this *Bivens* action, Marco Antonio Garcia asserts Fourth Amendment claims against Immigration and Customs Enforcement Special Agent Ray Escobar, arising from Garcia's apparently wrongful arrest and indictment as a courier in a global money-laundering conspiracy. Escobar appeals the district court's denial of qualified immunity on his motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      The district court did not err in holding that there was a genuine dispute of material fact as to whether probable cause supported Garcia's arrest. Among the disputed factual issues correctly identified by the district court are: whether anyone actually identified Garcia before his arrest; whether Escobar made a reckless or deliberate misrepresentation by listing Detective Moreno as having identified Garcia; and whether Escobar recklessly or deliberately withheld exculpatory information by excluding relevant photographs from his report. A genuine dispute exists as to whether a prudent person would have concluded that there was a fair probability that the courier was Garcia. *Peng v. Mei Chin Penghu*, 335 F.3d 970, 976 (9th Cir. 2003).

2.      The district court did not err in holding that Escobar failed to show that the evidentiary presumption that a criminal prosecution results from the prosecutor's independent determination of probable cause renders Escobar

immune. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004). A genuine dispute of material fact exists as to whether Escobar engaged in reckless or deliberate misrepresentations or omissions. *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002). There is also a genuine dispute as to whether any misrepresentations or omissions were material to the prosecutor's probable cause determination. *Id.* Although the prosecutor also relied on a report submitted by the Drug Enforcement Administration, that report in turn relied heavily on Escobar's report to identify Garcia as the courier.

3. The district court did not err in holding that the law was clearly established. An objectively reasonable officer would have known that making reckless or deliberate misrepresentations or omissions in a report to a prosecutor, which resulted in an arrest without probable cause, violates the arrestee's Fourth Amendment rights. *Id.*; *Barlow v. Ground*, 943 F.2d 1132, 1137 (9th Cir. 1991).

4. The district court did not err by rejecting Escobar's argument that executing a valid arrest warrant entitles him to qualified immunity for preparing the prosecution report. *See Harris v. Roderick*, 126 F.3d 1189, 1198 (9th Cir. 1997) ("Officers who in good faith relied upon . . . reports may well be able to assert a successful qualified immunity defense . . . . The fabricators of a false story that misled them cannot.").

3

**AFFIRMED.**