
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK PERRIN, | No. 12-55651 |
| Plaintiff - Appellee, | D.C. No. 5:08-cv-00595-LLP-SS |
| v. | |
| COUNTY OF RIVERSIDE, | MEMORANDUM* |
| Defendant, | |
| And | |
| DEPUTY DON GOODRICH, #31781 individually and as a peace officer; DEPUTY TONY HOXMIER, #2510 individually and as a peace officer, | |
| Defendant - Appellant. | |

| | |
|---|---|
| MARK PERRIN, | No. 12-55944 |
| Plaintiff - Appellee, | D.C. No. 5:08-cv-00595-LLP-SS |
| v. | |
| COUNTY OF RIVERSIDE, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendant,

And

DON GOODRICH, Deputy, #31781 individually and as a peace officer; TONY HOXMEIER, Deputy, #2510 individually and as a peace officer,

Defendants - Appellants.

Appeal from the United States District Court
for the Central District of California
Lawrence L. Piersol, Senior District Judge, Presiding

Argued and Submitted February 5, 2014
Pasadena, California

Before: KLEINFELD, SILVERMAN, and HURWITZ, Circuit Judges.

Riverside County Deputy Sheriffs Tony Goodrich and Anthony Hoxmeier appeal from a judgment entered after a jury verdict in favor of Mark Perrin on several causes of action arising out of a traffic stop and arrest. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      The district court did not abuse its discretion in declining to strike Juror 18 for cause. Despite having had previous interactions with the police in connection with a lawsuit and a son who claimed to have experienced racial profiling, Juror 18 twice unequivocally confirmed that she would evaluate the evidence impartially and

understood that the burden of proof was on the plaintiff. The district judge found her credible, and we defer to that finding. *United States v. Alexander*, 48 F.3d 1477, 1484 (9th Cir. 1995).

2.     Nor did the district judge abuse his discretion in sustaining a *Batson* objection to the defendants' attempt to strike Juror 18 peremptorily. We review the court's determination on whether a racially-neutral reason for the exercise of a peremptory challenge is a pretext for illegal discrimination—the third step of a *Batson* analysis—under a deferential clear error standard, *Tolbert v. Page*, 182 F.3d 677, 680-81 & n.5 (9th Cir. 1999) (en banc), and we cannot conclude that the district judge clearly erred in determining that race was a motivating factor for the challenge.

3.     Goodrich and Hoxmeier contend that they are entitled to a new trial because of inconsistency among the jury verdicts. Even assuming that the verdicts were inconsistent, inconsistency among general jury verdicts does not require a new trial. *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003).

4.     The jury's malicious prosecution verdict in favor of Perrin was supported by substantial evidence. A reasonable jury could have concluded that the Deputies intentionally submitted false reports about Perrin's arrest and that the prosecutor relied entirely on those reports in filing charges. *See Blankenhorn v. City of Orange*, 485

3

F.3d 463, 483-84 (9th Cir. 2007); *Awadby v. City of Adelanto*, 368 F.3d 1062, 1067-68 (9th Cir. 2004).

5.      Goodrich and Hoxmeier also argue that the district court erred by allowing Perrin to testify that he believed the incident was racially motivated. Any error, however, was harmless, as Perrin's opinion simply mirrored the allegations in his complaint, and the jury was instructed that he had the burden of proving those allegations by a preponderance of the evidence.

6.      The Deputies also contend that the testimony of Sergio Rodriguez about a previous traffic stop by Deputy Goodrich was improperly admitted. The district court did not abuse its discretion in allowing Rodriguez's testimony. *Obrey v. Johnson*, 400 F.3d 691, 697 (9th Cir. 2005). Evidence of other acts by a defendant is admissible to prove discriminatory motive or intent, Fed. R. Evid. 404(b), and the district court concluded that the other act at issue was sufficiently similar to the one before the court as to be probative of intent. Moreover, the district court correctly instructed the jury to consider Rodriguez's testimony only as to whether Goodrich acted with discriminatory intent.

7.      All parties agree that if the jury's malicious prosecution verdict stands, the judgment must be affirmed even if other theories of recovery fail. We therefore need not address the appellants' argument that the jury's verdicts on Perrin's 42

4

U.S.C. § 1985 claims were not supported by substantial evidence. *See Alexander v. Stark*, 99 F.3d 1145 (9th Cir. 1996) (unpublished table decision).

**AFFIRMED**