**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ROBERT SMITH, | No. 12-17661 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02650-MEA |
| v. | |
| CITY OF PAYSON; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Mark E. Aspey, Magistrate Judge, Presiding

Submitted October 9, 2014[**]
Phoenix, Arizona

Before: WALLACE, SILVERMAN, and M. SMITH, Circuit Judges.

Robert Smith appeals from the district court's summary judgment to the

appellees, individual police officers and the City of Payson, on Smith's claims

under 42 U.S.C. § 1983 and Arizona law. Smith also appeals from the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's denial of his Rule 60(b) motion for a new trial. We have jurisdiction under 28 U.S.C. § 1291. We review a summary judgment and summary judgment based on qualified immunity de novo. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007). We review a district court's decision on a Rule 60 motion for abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

I.     Timeliness of Notice of Appeal

Smith's post-judgment motions were timely under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 59, 60. Those motions tolled the time to file a Notice of Appeal under Federal Rule of Appellate Procedure 4(a)(4)(A)(v)-(vi). Smith filed his Notice of Appeal within 30 days of the district court's denial of his post-judgment motions, which was a final order. Therefore, the Notice of Appeal was timely filed, and we have jurisdiction over this appeal.

II.     Claims Under 42 U.S.C. § 1983

With respect to the district court's summary judgment on the ground of qualified immunity, Smith argues that genuine disputes of material fact regarding the probable cause determination and Smith's claimed justification defenses required that the issue go to trial. However, the undisputed facts show that the police had information (indeed, Smith admitted) that he lured a young man to his

home, assaulted him, and confiscated his driver's license. These undisputed facts show that the police officers had probable cause to arrest Smith. Likewise, the undisputed facts show that Smith's actions were not in self-defense or otherwise privileged. As the police officers had probable cause to make the arrest, they were entitled to qualified immunity on Smith's claims of false arrest and retaliatory arrest under the first prong of the qualified immunity analysis. *See Rosenbaum v. Washoe Cnty.*, 663 F.3d 1071, 1075-76 (9th Cir. 2011).

Finally, a § 1983 claim for malicious prosecution requires a plaintiff to show lack of probable cause. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Because, again, the police officers here did have probable cause, the district court correctly granted summary judgment to them on Smith's § 1983 malicious prosecution claim.

III.    Malicious Prosecution Under Arizona Law

As with § 1983 malicious prosecution claims, lack of probable cause is an essential element of malicious prosecution claims under Arizona state law. *Gonzales v. City of Phoenix*, 52 P.3d 184, 187 (2002). Probable cause supported Smith's arrest and subsequent prosecution, so the district court properly granted summary judgment to the police officers on this count. *Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011).

IV.    Municipal Liability

Smith's false arrest and retaliatory arrest claims against the City of Payson are predicated on his claims that the individual police officers violated his rights. However, because the police officers had probable cause to arrest Smith, there was no constitutional violation; therefore, Smith's claim that the police department failed to properly train officers has no merit. *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994). Smith points to no unconstitutional policy or practice in place in Payson that could lead to municipal liability. The district court properly granted summary judgment on Smith's claims against the city.

V.    Motion for Relief From the Judgment

Smith did not provide the district court with any reason cognizable under Rule 60 to support his motion for relief from the judgment. Therefore, the district court did not abuse its discretion in denying the motion.

**AFFIRMED.**