**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACOB ROGERS,<br><br>      Plaintiff - Appellant,<br><br>      v.<br><br>THE ORANGE COUNTY TRANSIT AUTHORITY, a political subdivision of the State of California; ORANGE COUNTY, a political subdivision of the State of California; ERNESTITO A. TORRES; R. FAIRWEATHER, #3355,<br><br>      Defendants - Appellees. | No. 14-56196<br><br>D.C. No. 8:12-cv-01735-JLS-AN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted March 15, 2016
Santa Ana, California

Before: FISHER, M. SMITH and OWENS, Circuit Judges.

Jacob Rogers appeals from an adverse summary judgment in his 42 U.S.C.

§ 1983 action.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** The district court properly dismissed Rogers' unlawful arrest claim. Because the complaint alleges Rogers threw a can at Torres' bus, Rogers cannot show his arrest was "without probable cause or other justification." *Dubner v. City & County of San Francisco*, 266 F.3d 959, 964 (9th Cir. 2001); *see* Cal. Veh. Code § 23110(a) (West 2010). There was thus no constitutional violation that Torres could have "proximate[ly] cause[d]." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1998). Nor did Torres' statements "taint[]" the determination of probable cause, given Rogers admitted his actions to the deputy. *Harris v. Roderick*, 126 F.3d 1189, 1198 (9th Cir. 1997) (quoting *Hand v. Gary*, 838 F.2d 1420, 1426 (5th Cir. 1988)).

**2.** The district court did not abuse its discretion in excluding the 911 call as inadmissible hearsay. The call – made five minutes after the incident by a caller who ostensibly was not still under the stress of excitement – did not clearly constitute a present sense impression or excited utterance. *See* Fed. R. Evid. 803(1)-(2); *Bemis v. Edwards*, 45 F.3d 1369, 1372 (9th Cir. 1995) (observing that both exceptions require the statement be "made with little chance for reflection"). *Navarette v. California*, 134 S. Ct. 1683 (2014), does not require a different result. Unlike here, the 911 call in *Navarette* was made "soon after" the incident and

concerned more startling circumstances in which the caller herself had actually been run off the road. *See id.* at 1689.

3. The district court did not err in granting summary judgment on the excessive force claim. No reasonable jury could find Torres' actions in cutting Rogers off in traffic and shouting obscenities at him were "intended as a search or a seizure, be it in the context of a criminal investigation or an administrative inspection." *United States v. Attson*, 900 F.2d 1427, 1431 (9th Cir. 1990). Nor could any reasonable jury find that when the bus imperceptibly touched Rogers' car, that application of force was intended "to restrain [Rogers'] movement." *California v. Hodari D.*, 499 U.S. 621, 626 (1991).

4. The district court also did not err in granting summary judgment on the substantive due process claim. Because Torres did not have time for "actual deliberation" during the two-minute incident, the district court properly applied the "purpose to harm" standard. *Porter v. Osborn*, 546 F.3d 1131, 1137-38 (9th Cir. 2008); *see also id.* at 1139-40 (holding that five minutes is not enough time for actual deliberation when events are "in constant flux"). Even viewing the evidence in the light most favorable to Rogers, no reasonable jury could conclude Torres' actions, however inappropriate, were undertaken with a deliberate purpose to harm Rogers. The 911 call transcript is inadmissible hearsay, and Rogers' "vague,

3

conclusory and speculative" inferences do not create a triable issue on Torres' intent. *Angle v. Miller*, 673 F.3d 1122, 1134 (9th Cir. 2012).

5.      The district court properly granted summary judgment on Rogers' malicious prosecution claim.  Because Torres had no duty or special authority to enforce the California Vehicle Code, he answered the deputy's questions and made a citizen's arrest as a private citizen acting "for an independent purpose" – not under color of state law.  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 924 (9th Cir. 2001); *see also Ferrell v. Harrington*, No. 07 C 3027, 2009 WL 4043415, at *1-2 (N.D. Ill. Nov. 20, 2009) (ruling that a bus driver did not act under color of state law in reporting a crime to the police because her actions were "analogous in all material respects to a private party calling the police").  Rogers also cannot show he was arrested without probable cause.  *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004).

6.      Rogers provides no argument on his right to travel claim.  The issue is thus waived.  *See Andrews v. Davis*, 798 F.3d 759, 789 (9th Cir. 2015).

**AFFIRMED.**