

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RANDALL FONTANA, | No. 14-35784 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00245-JCC |
| v. | |
| CITY OF AUBURN et al., | MEMORANDUM* |
| Defendants, and | |
| SGT. JAMES NORDENGER, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted March 7, 2017**
Seattle, Washington

Before:  GRABER, IKUTA, and HURWITZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Plaintiff Randall Fontana timely appeals the district court's grant of summary judgment in favor of Defendant Sergeant James Nordenger on Plaintiff's 42 U.S.C. § 1983 claims of unlawful arrest and malicious prosecution. Reviewing de novo the district court's ruling that Nordenger is entitled to qualified immunity and viewing the facts in the light most favorable to Plaintiff, Reza v. Pearce, 806 F.3d 497, 502 (9th Cir. 2015), we affirm.[1]

1. The district court correctly held that Nordenger is entitled to qualified immunity on the unlawful arrest claim. Given the facts known to Nordenger—including the threatening nature of Plaintiff's statements, their proximity in time to the Lakewood killings, the reliability of the named citizen informant who was interviewed by officers, and the reports of Plaintiff's post-statement conduct—it was "reasonably arguable that there was probable cause for arrest." Rosenbaum v. Washoe Cty., 663 F.3d 1071, 1076 (9th Cir. 2011) (per curiam) (emphasis omitted).

---

[1] Because the district court correctly ruled on qualified immunity, we need not and do not address the court's alternative ground for granting summary judgment—issue preclusion. Also, because Plaintiff's opening brief challenges the summary judgment only as to Nordenger, we do not address the summary judgment in favor of the other Defendants. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999) (holding that arguments not raised in a party's opening brief generally are waived).

2

2.  The district court correctly held that Nordenger is entitled to qualified immunity on the malicious prosecution claim.  The evidence does not disclose "wrongful motives or reckless disregard of" Plaintiff's rights.  State v. Chenoweth, 158 P.3d 595, 602 (Wash. 2007).  Plaintiff has not overcome the ordinary presumption that the decision to file criminal charges "result[ed] from an independent determination on the part of the prosecutor, [which] precludes liability for those who participated in the investigation or filed a report that resulted in the initiation of proceedings."  Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004).

**AFFIRMED.**