FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 06 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| NHIA KAO VANG; et al., | No. 16-15443 |
| Plaintiffs-Appellants, | D.C. No. 2:12-cv-01226-MCE-AC |
| v. | |
| STEVEN DECKER; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted November 14, 2017
San Francisco, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and SESSIONS,[**] District Judge.

Plaintiffs-Appellants Nhia Khao Vang, David Vang, Chue Hue Vang, Chao

Xiong, Chong Yang, and Pang Her appeal the district court's dismissal of their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

claims for malicious prosecution. Their challenge is based in part on the court's denial of their motion for pre-trial discovery. We affirm.

Because the district court relied in its decision upon the declaration by U.S. Attorney Benjamin Wagner, we treat the dismissal as a grant of summary judgment subject to de novo review by us. Fed. R. Civ. P. 12(d); *Szajer v. City of L.A.*, 632 F.3d 607, 610 (9th Cir. 2011). We review the district court's denial of discovery for abuse of discretion. *Laub v. United States Dep't of Interior*, 342 F.3d 1090, 1093 (9th Cir. 2003).

The district court properly dismissed the malicious prosecution claims. To succeed on their malicious prosecution claims, Plaintiffs were required to establish, among other things, that the underlying criminal action legally terminated in their favor. *StaffPro, Inc. v. Elite Show Servs., Inc.*, 39 Cal.Rptr.3d 682, 687 (Ct. App. 2006). To satisfy this element, the entire action must have terminated in their favor. *See Crowley v. Katleman*, 881 P.2d 1083, 1093-94 (Cal. 1994). A malicious prosecution claim may be pursued based on a dismissal of criminal charges by the government unless it was for reasons "not inconsistent with [Plaintiffs'] guilt." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004).

The government presented evidence that it dismissed the criminal charges for reasons not inconsistent with Plaintiffs' guilt, and Plaintiffs did not offer any contrary evidence that would create a genuine dispute of material fact on this issue. The criminal charges against some of the Plaintiffs were dismissed on the government's motion. The declaration of U.S. Attorney Wagner provided evidence that the government moved to dismiss the criminal charges for reasons not inconsistent with Plaintiffs' guilt. Courts applying California law have recognized that dismissals for reasons like those identified in the Wagner declaration do not meet the favorable termination standard, because there is no "clear reflection of the accused's innocence[.]" *Gressett v. Contra Costa Cty.*, 2015 WL 1054975, at *7 (N.D. Cal. 2015); *see also Jaffe v. Stone*, 114 P.2d 335 (Cal. 1941); *Nunez v. Pennisi*, 193 Cal.Rptr.3d 912, 924 (Ct. App. 2015); *Oprian v. Goldrich, Kest & Assocs.*, 269 Cal.Rptr. 429, 433 (Ct. App. 1990). Plaintiffs failed to provide evidence that rebutted the Wagner declaration.

In addition, the criminal claims against other Plaintiffs had previously been dismissed by the court without prejudice because the indictment failed to put those Plaintiffs on notice of the charges against them. Those dismissals were not on the merits and were for reasons that did not necessarily reflect their innocence, so those Plaintiffs did not satisfy the favorable termination requirement, either.

3

The district court's decision to deny Plaintiffs' request for discovery was not an abuse of discretion. Even assuming the belated timing of Plaintiffs' request should be forgiven due to the unusual procedural posture of these proceedings, Plaintiffs did not explain in their filing how the discovery they requested might be relevant. The only issue before the court was whether the government moved to dismiss the criminal charges against Plaintiffs for reasons not inconsistent with their guilt. Plaintiffs did not explain to the district court or to us how the requested discovery would rebut Wagner's declaration. The denial of discovery therefore did not result in "actual and substantial prejudice" to Plaintiffs. *Laub*, 342 F.3d at 1093. Plaintiffs' claim that their request should have been treated as a request under Rule 56(d) to defer ruling on the motion in order to permit discovery is likewise unavailing, as they did not comply with the procedural requirements for such a request. Fed. R. Civ. P. 56(d).

The motion to substitute Chao Xiong for Plaintiff Nhia Khao Vang is denied without prejudice because Plaintiffs failed to comply with the requirements of § 377.32 of the California Code of Civil Procedure.

**AFFIRMED.**