NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHNATHAN ARTHUR FIELDS,

Plaintiff-Appellant,

v.

JUSTIN McQUEEN, #8063; Police Officer
at Phoenix Police Department,

Defendant-Appellee.

No. 18-16389

D.C. No. 2:16-cv-02863-GMS

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Johnathan Arthur Fields appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising

from his arrest.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo.  *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1915A); *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008) (dismissal based on the statute of limitations). We affirm in part, reverse in part, and remand.

The district court properly dismissed Fields's Fourth Amendment unlawful search and seizure claim as time-barred because Fields filed this action after the applicable statute of limitations had run. *See* Ariz. Rev. Stat. § 12-542; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (two-year statute of limitations for § 1983 actions brought in Arizona); *see also Belanus v. Clark*, 796 F.3d 1021, 1026 (9th Cir. 2015) ("[F]ederal law holds that a cause of action for illegal search and seizure accrues when the wrongful act occurs, even if the person does not know at that time that the search was warrantless." (internal citation omitted)).

The district court dismissed Fields's malicious prosecution claim because Fields failed to allege that he was prosecuted in the absence of probable cause. However, Fields alleged that defendant McQueen falsely stated in his police report that Fields had consented to a search. These allegations are sufficient to state a claim. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066-68 (9th Cir. 2004) (setting forth elements of a malicious prosecution claim and stating that a finding

of probable cause can be rebutted by "showing that the criminal prosecution was induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith"). We reverse the district court's judgment in part and remand for further proceedings on Fields's malicious prosecution claim. Furthermore, because the district court did not address Fields's false imprisonment and intentional infliction of emotional distress claims, we remand for the district court to consider these claims in the first instance.

The district court did not abuse its discretion by denying Fields's motions for leave to amend the complaint because Fields failed to comply with the local rules. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review); *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) ("Broad deference is given to a district court's interpretation of its local rules." (citation omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Fields's "motion for answering brief" (Docket Entry No. 22) is denied as unnecessary.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**