NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDA BEEMAN,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>JOHN B. CRUZ, individually and as employee of the Amador County Sheriff's Department; AMADOR COUNTY SHERIFF'S OFFICE; COUNTY OF AMADOR; J. CORDOZA,<br><br>    Defendants-Appellees. | No. 22-15696<br><br>D.C. No.<br>2:21-cv-01774-WBS-DB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted August 15, 2023[**]
San Francisco, California

Before: CALLAHAN and BADE, Circuit Judges, and ANTOON,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

Linda Beeman appeals the district court's dismissal of her first amended complaint ("FAC"), alleging claims under 42 U.S.C. § 1983 against Detective John Cruz, Lieutenant Jim Cardoza, and the County of Amador (collectively, "Defendants"). The district court granted Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), concluding that the FAC failed to state a claim for municipal liability, unreasonable execution of a warrant, malicious prosecution, supervisory liability, or deprivation of due process.

On appeal, Beeman challenges only the dismissal of her claims for malicious prosecution and supervisory liability. We have jurisdiction under 28 U.S.C. § 1291 and may affirm on any ground supported by the record. *See Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1106 (9th Cir. 2022). Reviewing the district court's dismissal order de novo, *see Tingley v. Ferguson*, 47 F.4th 1055, 1066 (9th Cir. 2022), we affirm.

To state a claim for malicious prosecution under 42 U.S.C. § 1983, Beeman must allege "that the defendants prosecuted [her] with malice and without probable cause, and that they did so for the purpose of denying [her a] specific constitutional right." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). While the Superior Court's decision to hold Beeman to answer following a preliminary hearing is not conclusive evidence of probable cause, *see id.* at 1067, Beeman

failed to allege facts sufficient to rebut this *prima facie* showing of probable cause by, for example, alleging facts demonstrating that the criminal prosecution was "induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith," *id.* [1]

Rather, the facts alleged in the FAC, which we accept as true, *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), demonstrate that the evidence allegedly withheld from the District Attorney at the time charges were filed was before the Superior Court at the time of the preliminary hearing. With that evidence in mind, the judge nevertheless concluded that there was probable cause to support the complaint against Beeman. *See Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1085–86 (9th Cir. 2013) ("Probable cause exists if the arresting officers 'had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime.'" (alteration in original) (quoting *United States v. Ricardo D.*, 912 F.3d 337, 342 (9th Cir. 1990))). Additionally, Beeman alleged that the district attorney chose to file an information against her following the preliminary hearing, this time with full knowledge of the allegedly withheld evidence. Therefore, the FAC does not sufficiently allege the absence of

---

[1] Beeman provides no authority establishing that a subsequent dismissal of criminal charges has any bearing on the Superior Court's probable cause determination here.

3

probable cause necessary to state a claim for malicious prosecution.

As for Beeman's supervisory liability claim against Lieutenant Cardoza, because Beeman failed to state a claim for a predicate constitutional violation, she necessarily failed to state a claim of supervisory liability. *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001) ("Neither a municipality nor a supervisor . . . can be held liable under § 1983 where no injury or constitutional violation has occurred.").

**AFFIRMED.**

4