**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEONTA JACKSON, | No. 24-5396 |
| Plaintiff - Appellant, | D.C. No.<br>2:22-cv-06523-SPG-KS |
| v. | |
| CITY OF LOS ANGELES; VICTOR MORALES, individually and as a peace officer, No. 96038; DOES, 1-10, | MEMORANDUM* |
| Defendants - Appellees, | |
| v. | |
| LOS ANGELES OFFICE OF THE DISTRICT ATTORNEY, | |
| Third-pty-defendant. | |

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Submitted February 5, 2026**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LEE, KOH, and DE ALBA, Circuit Judges.

After the Los Angeles District Attorney's Office dropped charges against Deonta Jackson for the robbery of a jewelry store, Jackson—claiming the prosecution relied on a flawed identification of Jackson as the suspect—sued the arresting detective, Victor Morales, and the City of Los Angeles (the City) under 42 U.S.C. § 1983. The district court granted summary judgment for the defendants. Jackson now appeals. We review summary judgment de novo. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. For his claim of false arrest, imprisonment, and malicious prosecution, Jackson fails to demonstrate a genuine dispute of material fact necessary to overcome the presumption of prosecutorial independent judgment. A prosecutor's "filing [of] a criminal complaint immunizes investigating officers . . . from damages suffered thereafter." *Newman v. County of Orange*, 457 F.3d 991, 993 (9th Cir. 2006) (quoting *Smiddy v. Varney*, 665 F.2d 261 (9th Cir. 1981), *overruled on other grounds by Beck v. City of Upland*, 527 F.3d 853 (9th Cir. 2008)) (internal quotation and brackets omitted). In limited circumstances, a plaintiff may rebut the presumption if the record shows law enforcement vitiated the prosecutor's discretion. For example, the presumption does not apply when law enforcement knowingly or recklessly provided the prosecutor false information or concealed

exculpatory evidence, or when the prosecutor's charging decision rested entirely on non-credible police reports. *See Beck*, 527 F.3d at 862-63; *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004); *Sloman v. Tadlock*, 21 F.3d 1462, 1474-75 (9th Cir. 1994).

Jackson contends that the prosecutor's charging decision relied on a "falsified police report" which included the victim's identification of Jackson as one of the robbers. But the record does not show that the report lacked significant indicia of credibility or was otherwise falsified—or that the prosecutor's decision relied solely on the report. The detective conducted the photo lineup per the policies and procedures of the Los Angeles Police Department (LAPD), for whom the detective was investigating. Jackson highlights some factors weighing against the reliability of the identification—such as the victim's limited interaction with the suspect, the four-month lapse between the robbery and the lineup, and the fact that the suspect wore clothing partially obscuring his face. But these factors are not so egregious to render the identification falsified, nor has Jackson identified "striking omissions" in the police report's account of the lineup such that a jury would be entitled to find "that [the detective] procured the filing of the criminal complaint by making misrepresentations to the prosecuting attorney." *See Newman*, 457 F.3d at 994 (internal quotation marks and citation omitted).

Moreover, the prosecutor's decision to charge was based upon a body of

evidence, which included a separate witness' identification of Jackson as the man she saw near the jewelry store around the time of the robbery, Jackson's criminal history, Jackson's DNA match to a cigarette butt found near the scene of the crime, and other witness reports.

In sum, Jackson has failed to set forth evidence that the prosecutor's decision to charge was based upon information which was demonstrably false or misleading or that the prosecutor otherwise relegated her judgment to the detective. Because the presumption of prosecutorial independence applies, Detective Morales is immune from the first cause of action.

2. Jackson's second cause of action against the City also fails on summary judgment. Under *Monell v. Dep't Soc. Servs.*, a municipal defendant may only be held liable under Section 1983 when "action pursuant to official municipal policy of some nature caused a constitutional tort." 436 U.S. 658, 691 (1978). Here, Jackson fails to identify any municipal policy, practice, or custom maintained by the City which caused a constitutional injury. *See Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1232-33 (9th Cir. 2011). Thus, his *Monell* claim fails.

**AFFIRMED.**